IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BEE YANG,

                Plaintiff,

v.                                             OPINION and ORDER

MICHAEL THEILKE,                              22-cv-677-jdp

                Defendant.

---

Plaintiff Bee Yang, appearing pro se, alleges that a police detective lied in an application for search warrant that resulted in Yang being arrested. The court has granted Yang in forma pauperis status and he has made an initial partial payment of the fee calculated by the court.

The next step is for me to screen Yang's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that I must abstain from exercising jurisdiction over Yang's claim under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case and direct the clerk of court to close it. Yang can move to reopen the case after his criminal charges are resolved.

ALLEGATIONS OF FACT

Yang alleges that defendant Michael Theilke, a Sheboygan Police Department investigator, lied on a probable cause affidavit to obtain a search warrant against him. In

particular, Theilke stated that Yang was the person known as "Bkay" in the contact list of another suspect even though other evidence showed that there was no information identifying "Bkay" as Yang. Also, police received other tips connecting a number of people to a drug selling operation, but Yang was not one of those people. Yet Theilke sought a warrant against Yang anyway. A search under that warrant uncovered what Yang calls "contraband," and I take him to be saying that he was arrested shortly thereafter,

ANALYSIS

Yang contends that Theilke violated his Fourth Amendment rights by lying about Yang's connection to a drug selling operation in his probable cause affidavit. But I cannot consider his claim because it is intertwined with his ongoing state-court criminal case. Electronic state court records show that Yang was recently convicted of possession of a controlled substance with intent to distribute, along with other charges. *See State v. Yang*, Sheboygan County Case No. 2021CF135. Yang has filed a notice of intent to pursue postconviction relief in that case.

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44. Yang's claims related to his allegedly malicious prosecution would unduly interfere with his criminal proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Yang may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134,

139 (7th Cir. 1995). But if Yang's criminal case results in a conviction, he may not be able to proceed with his claims in this case; I will have to dismiss this case if a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Bee Yang's state criminal proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered December 27, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge